ANTHONY GERACE *et ux. vs.* JENNIE ROSSI.

FEBRUARY 5, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of assumpsit was heard in the superior court by a trial justice thereof sitting without a jury and resulted in a decision for the plaintiff for $923.79. The case is before us on defendant's bill of exceptions containing an exception to such decision and other exceptions to certain evidentiary rulings made during the trial.

The claim of plaintiffs is based on a written memorandum, signed by all the parties hereto, for the purchase and sale of a one-family house located at 76 Anthony avenue in the city of Providence in this state which the defendant was converting into a two-family unit. The agreement, which was dated September 12, 1951, called for payment by plaintiffs of the sum of $10,800 in accordance with the terms thereof and for delivery of a deed to said premises by defendant on October 11, 1951. The agreement also acknowledged receipt of $800 as a first payment on the purchase price and provided that the balance was to be paid "on delivery of Deed * * *."

The plaintiffs presented testimony to the effect that, relying upon defendant's promise to convey, they moved into the second-floor tenement of the house with the consent of defendant and made certain improvements therein, including the installation of linoleum at a cost of $76.50; that on October 11, 1951, which was the date agreed upon for

delivery of the deed, plaintiffs were able, ready and willing to complete the transaction in accordance with the terms of the written agreement; that on that date and on numerous occasions thereafter they sought to secure a deed from defendant, but each time "She [defendant] said she wasn't ready yet"; and that on December 6, 1951 plaintiffs' counsel wrote to defendant demanding return of the $800 deposit, but she has neither made a tender of the deed nor returned the amount of plaintiffs' deposit.

The substance of defendant's testimony was that she was always ready to give a deed to the property in question but that plaintiffs were trying to avoid fulfillment of their agreement; that she told them she was ready to convey "As soon as you get the money" but that Mrs. Gerace said to her: "My father is arguing to me. He don't want me to have this property. We are having a lot of trouble. He wants me to get the house on Charles Street."

The defendant has briefed and argued only exceptions numbered 1, 3, 4 and 5. Exception 2 being neither briefed nor argued is deemed to be waived.

Exception 1 refers to the refusal to allow an answer to a question which in our opinion was properly excluded by the trial justice as being outside the scope of cross-examination. The defendant, however, was not precluded by such ruling from presenting in her own case evidence concerning the subject matter of such question and answer. This exception is overruled.

Exception 3 is to the refusal of the trial justice to permit the following question to be answered: "Was that the understanding of this agreement marked Exhibit 2?" The answer to such question was properly excluded because it obviously called for an expression of opinion. This exception is overruled.

Exception 4 is to the action of the trial justice in overruling defendant's objection to the following question asked of defendant in cross-examination: "On the sewer, there

is only one sewer pipe on the property?" The ruling of the trial justice in allowing this question to be answered was not prejudicial. In our opinion defendant's alleged failure to separate the water supply to the two premises which she owned was relevant to the question whether she really intended and was able to convey the premises here involved in accordance with her agreement. In any event she had previously answered without objection other questions of similar import. Exception 4 is therefore overruled.

Exception 5 is to the decision of the trial justice. From the above brief summary of the evidence it is clear there is a direct conflict on the question of plaintiffs' willingness and ability to complete the transaction and on defendant's reason for failure to deliver the deed. In these circumstances the credibility of the witnesses became the deciding factor. On that issue the trial justice expressed himself in no uncertain terms. He found that defendant had been unjustly enriched at the expense of plaintiffs and stated: "The court was very much impressed with the testimony of Mr. and Mrs. Gerace. It appeals to me very strongly. * * * On all the testimony and the credibility of the witnesses, I cannot believe Mrs. Rossi. I do believe Mr. Gerace."

It is well settled in this state that findings of fact on conflicting evidence by a trial justice sitting without a jury are entitled to great weight and should not be disturbed unless they are clearly wrong. From a careful reading of the transcript we cannot say that the testimony for the defendant preponderates against the decision of the trial justice and that such decision is clearly wrong. Therefore exception 5 is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Raphael Vicario*, for plaintiffs.

*Vincent P. Marcaccio, Jr.*, for defendant.